## PHILLIPS vs. MOORE, ET AL.

An assignment of a certificate of entry set aside in chancery.

### APPEAL from Platte Circuit Court.

NAPTON, J., *delivered the opinion of the Court.*

This was a bill in chancery brought by the widow and children of Jesse Moore, deceased, against Samuel Phillips, to set aside an assignment of a certificate of entry, made by the said Moore to said Phillips·

The bill stated, that in September, 1843, Jesse Moore was entitled to a pre-emption upon the S. E. qr. of sec. 19, T. 54, R. 33, in Platte county, and that he proved up his pre-emption, and entered the land with money advanced by said Phillips. The bill charges, that at the time of the entry the defendant fraudulently procured the intoxication of Moore, and induced him, whilst in that condition, to assign the certificate to said Phillips, so that the patent would issue to Phillips. The bill charges, that the understanding between Moore and Phillips, was that said Phillips should, when required, make Moore a deed for one-half the land, and that said Phillips should retain the other half in satisfaction of the $200 advanced by him to enter the land. The bill states the land to be worth $1,000, and charges that Phillips refused to make Moore a title in his lifetime, although specially requested, and that he still refuses to make the title to his widow and children, the complainants. A tender was made to Phillips of the $200, with interest, upon condition that he would cancel the assignment, but this proposition was declined. The patent has been suspended in consequence of representations of Moore at the office of the Commissioner. The bill prays the cancellation of the assignment, upon the return of the $200 with interest, and asks general relief.

The answer of Phillips admits the pre-emption, the entry, the assignment, and the advancement by him of the $200. All fraud is denied, and the intoxication of Moore at the time of the assignment is denied. The defendant also denies the agreement to convey one-half the land, and insists that he bought the whole quarter for a valuable consideration, which has all been paid, except twenty-five or thirty dollars, for which be is ready to account with the estate of Moore.

A general replication was filed. Upon the hearing, it appeared in evidence that Moore was a very poor man, and an habitual drunkard, and that the defendant kept a grocery, (or dram-shop) which Moore was in the habit of frequenting. It was not satisfactorily proved that Moore was so intoxicated at the time of the assignment as to be incapable of transacting business, but a witness stated, that Phillips acknowledged to him that he was obliged to *treat* Moore liberally before he could induce him to make the assignment. There was abundant evidence to show the understanding between Moore and Phillips, that Moore was to have half of the land and Phillips the other half, in consideration of the advancement of the purchase money. The land was proved to be worth at least $500, at the time of the entry. The defendant gave some evidence of a lease executed by Moore, sometime in July, 1843, for seventy-five years, and also a deed of relinquishment dated 19th July, 1843, but the testimony was not of a very satisfactory character.

The Circuit Court decreed for the complainants. A motion for a rehearing was made, but overruled. Upon overruling the motion, the court at the same time set aside the decree, and entered up a second decree, varying from the first. The final decree was that the assignment as to half the land (the east half was by consent of parties designated) be cancelled.

Two points have been made by the appellant, *first*, that the court on setting aside the first decree should have granted a rehearing; and *second*, that the final decree was not warranted by the testimony.

We see no force in the first objection. The court refused to set aside the decree and grant a rehearing at the motion of the appellant; but set aside the decree for the purpose of entering up another. It is immaterial whether this second decree be considered as an amended decree or not. If an amended decree, the court beyond all doubt had the power to alter or amend its decrees during the term; or if it be considered as a distinct decree, would the appellant desire a court of chancery to go through the unmeaning formality of hearing all the testimony a second time, and a repetition of the arguments of counsel before entering up the second decree? If the final decree be wrong, that is another matter, and we pass, therefore, to the second point.

We have not stated the testimony in detail. There is sufficient evidence to show that Phillips did not purchase but one half the quarter section from Moore, and there is some proof which might have authorized the court to set aside the assignment *in toto*.

In addition to the testimony, the answer furnishes corroboration to the

statement of the witnesses, that Phillips was not entitled to the entire quarter section. The answer is not explicit. The defendant states, that he purchased, and gave a valuable consideration for the' whole tract; but does not specify what the consideration was, or in what manner or at what time it was paid. Where a defendant fails to state the particulars of a transaction, of which, from the nature of the case, he must be cognizant, it affords grounds for suspicion. Why did not Phillips state the price he gave for the land, and when and in what mode payment was made ?

It appeared, beyond question, that the deceased, Moore, was a very intemperate man; that in the language of a witness, he was always drunk when he could get the means of intoxication ; and the defendant was the owner or keeper of a dram-shop, where this man frequented. A contract between persons thus situated, may well be scrutinized closely. Although there is no evidence to show that Phillips used any improper means to procure the intoxication of Moore, yet it is proved, that Moore was always drunk when he could get liquor, and that his credit was good at Phillips' grocery.

The Circuit Court, however, did not set aside the assignment *in toto,* but merely set aside or cancelled the assignment, so far as it operated to give Phillips an equitable title to one-half of the quarter. By this decree, the equitable rights of the parties were placed where the evidence showed them to be. No decree could be made to operate upon the legal title, as it still remained in the United States.

The other Judges concurring, the decree of the Circuit Court is affirmed.